***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------
                                :
WILLIE A. EVANS,                :
                                :
            Plaintiff,          :   Civil No. 12-962 (DRD)
                                :
        v.                      :
                                :   **OPINION**
MARIANO FORMENTIN, et al.,      :
                                :
            Defendants.         :
                                :
---------------------------------

**APPEARANCES:**

**WILLIE A. EVANS**, Plaintiff pro se
# 154612C
Passaic County Jail
11 Marshall Street
Paterson, NJ 07501

**DEBEVOISE**, District Judge

   Plaintiff Willie A. Evans ("Plaintiff") seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

   At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes

that the complaint should be stayed at this time, pending the outcome of Plaintiff's criminal case.

## I. BACKGROUND

Plaintiff, incarcerated at the Passaic County Jail, Paterson, New Jersey, as a pretrial detainee at the time of filing, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Mariano Formentin and Paul Miccinilli, police officers with the Paterson Police Department.

Plaintiff alleges that on November 23, 2011, he was "taken out of a vehicle . . . and drove [sic] numerous blocks to 46 Clinton Street where [he's] not a tenant. A[n] illegal search and seizure took place and I was charged with contraband found at that address."  (Complaint, ¶ 6).  Plaintiff notes that there was no probable cause to arrest or search him, and no search warrant at the time of arrest.

Plaintiff argues that the search and seizure were committed illegally and in violation of the Fourth and Fourteenth Amendments.  Plaintiff is seeking monetary damages from both Defendants.

## II. DISCUSSION

### A. Legal Standard

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which

a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and § 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct.

at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009)(citing Iqbal, 129 S. Ct. at 1948).  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts."  Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

**B.  Analysis**

**1.  42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other

    proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

**2.  Unreasonable Search**

As Plaintiff is currently a pretrial detainee, presumably in criminal proceedings in the state court, this Court must abstain from ruling on his illegal search and seizure claim.

In Younger v. Harris, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings, even if there is an allegation of a constitutional violation and even though all jurisdictional and justiciability requirements are met.  See 401 U.S. 37, 41-42 (1971).  In subsequent cases, the Court has adopted the application of Younger to claims for declaratory and injunctive relief.  See Samuels v. Mackell, 401 U.S. 66 (1971) (holding that the principles of Younger are fully applicable to requests for declaratory relief).  Further, while the Supreme Court has yet to rule on the application of Younger to monetary relief, this Circuit applies the Younger abstention

to bar damage suits.  See Gwynedd Properties v. Lower Gwynedd Township, 970 F.2d 1195 (3d Cir. 1992); Williams v. Hepting, 844 F.2d 138 (3d Cir. 1988).

Finally, abstention is appropriate only absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule.  The specific elements of the Younger abstention are: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).  Here, Plaintiff's complaint makes it abundantly clear that he is facing a criminal prosecution, which aim is to vindicate an important state interest (i.e., punishing criminal conduct), and New Jersey state courts offer Plaintiff an adequate opportunity to raise his federal claims, if any.

However, this Court notes that illegal search and seizure claims accrue on the date of the allegedly illegal search; here, November 23, 2011.  See MacNamara v. Hess, 67 Fed. Appx. 139, 143 (3d Cir. 2003) ("Accordingly any Fourth-Amendment-based claim accrued on the same day as the allegedly unlawful search and seizure.").  Thus, Plaintiff's limitations period continues to run.

Under Wallace v. Kato, 549 U.S. 384 (2007), any Fourth Amendment claim must be brought and, in all likelihood, stayed

6

pending resolution of the underlying charges.  See Wallace, 549 U.S. at 393-95.  In the event of a conviction on the underlying charges, the stay may extend for years while post-conviction relief is sought.  See id. at 395.  This is not an ideal situation because of the potential to clog the court's docket with unresolvable cases.  However, in this case, there does not appear to be any clear basis to sua sponte dismiss the illegal search and seizure claim on the merits at this preliminary stage, especially where it appears that the issue of the validity of the search warrant has not been fully litigated in Plaintiff's state criminal proceedings.  Therefore, this Court is constrained to allow this claim to proceed, but stay the action until Plaintiff's criminal proceedings are concluded.

### III.  CONCLUSION

For the reasons stated above, the complaint will be stayed, pending the outcome of Plaintiff's underlying criminal state court case.  An appropriate order accompanies this opinion.

*s/ Dickinson R. Debevoise*
DICKINSON R. DEBEVOISE
United States District Judge

Dated: October 4, 2012

7